UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

TOWN OF MARION, MISSISSIPPI,                          CASE NO. 07-50141-NPO

DEBTOR.                                                               CHAPTER 9

MEMORANDUM OPINION AND ORDER
GRANTING OBJECTION TO THE CHAPTER 9 PETITION

On June 1, 2007, there came on for hearing (the "Hearing") the objection to the Chapter 9 Petition (Dk. No. 22) (the "Objection")[1] pursuant to 11 U.S.C. § 921(c) and the Memorandum in Support thereof (Dk. No. 23) filed by the City of Meridian, Mississippi (the "City"), and the Memorandum in Support of Chapter 9 Bankruptcy Petition (Dk. No. 48) (the "Response") filed by the Town of Marion, Mississippi (the "Debtor") in the above-styled chapter 9 bankruptcy case.[2] Jerry L. Mills represented the City, and Eileen N. Shaffer and Douglas M. Engel represented the Debtor. Having considered the pleadings and arguments of counsel, the Court finds that the Objection is well taken and should be granted based on the following.[3]

---

[1] Although the City styled its pleading as a Motion to Dismiss (the "Motion"), the Motion is being treated as an objection to the voluntary petition (Dk. No. 1) (the "Petition") in accordance with the provisions of the Notice discussed hereinafter.

[2] A purported objection to the Petition also was filed by Rhodrick Harden (Dk. No. 41) (the "Harden Objection"). Mr. Harden did not, however, appear at the Hearing to prosecute his objection. Therefore, the Harden Objection is denied.

[3] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052, which is made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014.

**Jurisdiction**

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. Notice of the Objection was proper under the circumstances.

**Facts**

1. On February 6, 2007, the Debtor filed the Petition pursuant to chapter 9 of the Bankruptcy Code.[4] An Order and Notice of: Commencement of Case Under Chapter 9; Automatic Stay; Time for Filing Objections to the Petition and Order for Relief; and Time for Filing Proofs of Claims (Dk. No. 27) (the "Notice") was approved by the Court and subsequently published in THE WALL STREET JOURNAL (Dk. No. 37), THE CLARION-LEDGER (Dk. No. 38), and THE MERIDIAN STAR (Dk. No. 39), as required by § 923.[5]

2. As noted, the City timely filed its Objection to the Petition pursuant to § 921(c)[6] in accordance with the Notice.

---

[4] Hereinafter, all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code, unless otherwise noted.

[5] Section 923 provides as follows:

There shall be given notice of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice shall also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commenced, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates.

[6] Section 921(c) provides:

After any objection to the petition, the court, after notice and a hearing, may dismiss the petition if the debtor did not file the petition in good faith or if the petition does not meet the requirements of this title.

3. The Debtor subsequently filed its Response.

**Discussion**

In its Objection, the City contends that the Debtor lacks *specific authority* to file the Petition, as required by § 109(c)(2). Section 109(c)(2) provides, in pertinent part, as follows:

> (c) An entity may be a debtor under chapter 9 of this title if and only if such entity–
>
> . . . .
>
> (2) is *specifically authorized*, in its capacity as a municipality or by name, to be debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter; . . . .

11 U.S.C. § 109(c)(2) (emphasis added).[7] The City maintains that the State of Mississippi has not granted municipalities specific authorization to file chapter 9 petitions. The City further maintains that the neither the State of Mississippi, nor a governmental officer or organization empowered by the State of Mississippi, authorized the Debtor by name to be a debtor under chapter 9.

The Debtor responds, however, that it has authority in its capacity as a municipality to file the Petition pursuant to Mississippi Code Annotated § 21-17-5 (the "Home Rule Statute"). The Home Rule Statute states:

> (1) The governing authorities of every municipality of this state shall have the care, management and control of municipal affairs and its property and finances. In addition to those powers granted by specific provisions of general law, the governing authorities of municipalities shall have the power to adopt any orders, resolutions or ordinances with respect to such municipal affairs, property and finances which are not inconsistent with the Mississippi Constitution of 1890, the Mississippi Code of

---

[7] For cases filed prior to the Bankruptcy Reform Act of 1994, a municipality could be generally authorized to file chapter 9. *See* In re Greene County Hospital, 59 B.R. 388 (S.D. Miss. 1986) (authority to file chapter 9 implied from capacity to sue and be sued). However, effective for all cases commenced after October 22, 1994, the authorization must be specific in accordance with § 109(c)(2).

1972, or any other statute or law of the State of Mississippi. . . .

Miss. Code Ann. § 21-17-5(1).

The parties agree that the Debtor has the burden of proof to show it has authority to file the Petition. *See* In re City of Bridgeport, 129 B.R. 332 (Bankr. D.Conn. 1991). To that end, counsel for the Debtor states that, in accordance with the Home Rule Statute, the Mayor has passed an ordinance granting the Debtor authority to file the Petition. The Debtor therefore contends that it has complied with the authorization requirement set forth in § 109(c)(2).

The City responds that while the Home Rule Statute provides municipalities with general authority to control their municipal and financial affairs, it does not grant a municipality specific authority to file a petition pursuant to chapter 9. The City further notes that since the 1994 amendment to § 109(c)(2) which codified the specific authority requirement, the Mississippi Legislature has had at least two opportunities to amend the Home Rule Statute in order to provide municipalities specific authority to file chapter 9, but has declined to change the statute. The City also presents evidence that on at least one occasion, Mississippi has passed legislation, in a private bill, which granted a municipality by name specific authority to file chapter 9. *See* H.B. 1616, 2006 Reg. Sess. (Miss. 2006). Thus, the City argues that the Mississippi Legislature previously has granted clear and specific authority for a particular municipality to file chapter 9 and that, consequently, it could not have intended for the Home Rule Statute to grant all municipalities specific authority to file chapter 9.

The Debtor also relies upon the case of Mayor and Board of Aldermen, City of Ocean Springs, Mississippi v. Homebuilders Assoc. of Mississippi, Inc., 932 So. 2d 44 (Miss. 2006), in support of its argument that the Home Rule Statute grants municipalities the right to adopt

ordinances with regard to their municipal and financial affairs. In that case, where Mississippi had no specific statutory authority to enact certain developmental impact fees, the City of Ocean Springs argued that it derived authority to enact those fees from the Home Rule Statute. Id. at 52. The Mississippi Supreme Court agreed that the Home Rule Statute "grants municipalities authority to impose *fees*, as long as the imposition is not inconsistent with legislative mandate or the Mississippi Constitution, and is a fee, as opposed to a tax,. . . ." Id. at 53 (emphasis in original). However, the Mississippi Supreme Court went on to uphold the lower court's finding that the fees at issue constituted an illegal tax, and that "the municipality must have enabling legislation in order to levy and collect this tax." Id. at 61. Hence, the Mississippi Supreme Court narrowly construed the Home Rule Statute so as not to conflict with other Mississippi statutes which, indeed, required specific authority to impose taxes.

Just as in the City of Ocean Springs case, this Court narrowly interprets the Home Rule Statute. That is, while the Home Rule Statute grants municipalities "the care, management and control of municipal affairs and its property and finances," that authority is qualified. In this case, a federal statute, § 109(c)(2), requires specific authority for a municipality to file chapter 9. The general provisions of the Home Rule Statute conflict with this provision of the Bankruptcy Code. As such, the Court concludes that the City of Ocean Springs case is inapposite to the matter at hand.

Having considered the foregoing, the Court finds that the Home Rule Statute does not provide the requisite specific authority for the Debtor to file chapter 9. The authorization "must be exact, plain, and direct, with well-defined limits, so that nothing is left to inference or implication." In re County of Orange, 183 B.R. 594, 604 (Bankr. C.D. Cal. 1995). The Home Rule Statute does not provide such authorization. Accordingly, the Court finds that the Debtor was not eligible to file

the Petition, and that the Petition should be dismissed.

IT IS, THEREFORE, ORDERED that the Objection is granted, and that the Petition is dismissed.

A separate final judgment will be entered in accordance with Federal Rule of Bankruptcy Procedure 9021.

DATED,